UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

STUART EDWARD MAKI,

       Petitioner,                            Case No. 2:07-cv-221

v.                                                        HON. R. ALLAN EDGAR

JEFF WHITE,

       Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Stuart Edward Maki filed this petition for writ of habeas corpus challenging his right to a fair trial. Petitioner was found guilty of third-degree criminal sexual conduct (CSC) and was sentenced to a prison term of 5 to 15 years. The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision. In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, I am recommending that this petition for writ of habeas corpus be denied.

      Petitioner raises the following issues in his petition for writ of habeas corpus:

    I.     Whether the trial court erred in allowing the prosecutor to use their "propensity" argument regarding Petitioners "prior bad-acts" under MRE 404(b); FRE 404(b).

    II.    Whether the court erred in faulty limiting its instructions to the jury regarding the other-acts evidence.

    III.   Whether or not trial counsel was ineffective assistance for failing to object to the prosecutor's "propensity" arguments or jury instructions.

In April of 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective. Because this petition was filed after the effective date of the AEDPA, this Court must follow the standard of review established in that statute. Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or and unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of AEDPA, a federal court must find a violation of law "clearly established" by holding of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decisions. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). The Supreme Court has held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the sate court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id*. A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decision but unreasonably applies that principle to the facts of the prisoners's case." *Id*. A federal habeas court may not find a state

adjudication to be "unreasonable" "simply because that court concludes in its independent judgement that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* At 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id*. at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams, 529* U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

In his first claim for relief, Petitioner asserts that his constitutional rights were violated because the trial court improperly allowed the prosecutor to use evidence regarding a prior CSC offense to argue that Petitioner probably committed the charged crime as well. Petitioner also challenges the prosecutor's reference to the adage that "lightning does not strike in the same place twice," "the defendant was a 'Big Guy,'"and the "job as a jury is to tell [Petitioner] . . . you did this once, you should have known better. You sure don't get to do this twice and get away with it."

With regard to Petitioner's claim that the evidence was improperly admitted, "such an inquiry . . . is no part of a federal court's habeas review of a state conviction." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). In *Estelle v. McGuire*, the Supreme Court addressed the issue of whether the admission of evidence in violation of California state law entitled a petitioner to habeas corpus relief.

> We have stated many times that "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780, 110 S. Ct. 3092, 3102, 111 L. Ed. 2d 606 (1990); see also *Pulley v. Harris*, 465 U.S. 37, 41, 104 S. Ct. 871, 874-75, 79 L. Ed. 2d 29 (1984). Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241; *Rose v. Hodges*, 423 U.S. 19, 21, 96 S. Ct. 175, 177, 46 L. Ed. 2d 162 (1975) (per curiam).

*Estelle v. McGuire*, 502 U.S. at 67-8.

The appropriate inquiry is whether the allegedly improper admission of evidence violated the petitioner's constitutional rights. *Estelle v. McGuire*, 502 U.S. at 68. A federal court will grant habeas corpus relief only where a violation of the state's evidentiary rule results in the denial of fundamental fairness, and therefore, a violation of due process. *Brown, III v. O'Dea*, 187 F.3d 572, 578 (6th Cir. 1999) (citing *Cooper v. Sowders*, 837 F.2d 284, 287 (6th Cir. 1988)).

> "The standard in determining whether the admission of prejudicial evidence constitutes a denial of fundamental fairness is whether the evidence is 'material in the sense of a crucial, critical highly significant factor.'" *Leverett v. Spears*, 877 F.2d 921, 925 (11th Cir. 1989) (quoting *Redman v. Dugger*, 866 F.2d 387, 390 (11th Cir. 1989)).

*Brown, III v. O'Dea*, 187 F.3d at 578.

As noted by the Michigan Court of Appeals, Petitioner acknowledged that the evidence of his prior offense was admissible to show that he used a common "scheme, plan, or

system in committing the two crimes." *Michigan v. Maki*, Michigan Court of Appeals No. 268038, p. 2 (2007).

In addition, with regard to the prosecutor's remarks regarding Petitioner's prior offense, the issue for the Court is whether the prosecutor's conduct denied Petitioner a fundamentally fair trial. *Smith v. Phillips*, 455 U.S. 209, 219, 102 S. Ct. 940 (1982). *See also United States v. Carroll*, 26 F.3d 1380 (6th Cir. 1994) (adopting test for evaluation of prosecutorial misconduct on direct review); *Serra v. Michigan Department of Corrections*, 4 F.3d 1348 (6th Cir. 1993) (applying similar test to habeas action). Inappropriate remarks or conduct by a prosecutor constitute a matter of constitutional concern only when it is egregious enough to deprive the defendant of a fair trial. *See United States v. Chambers*, 944 F.2d 1253 (6th Cir.), *cert. denied*, 112 S. Ct. 1217 (1992); *United States v. Mohney*, 949 F.2d 1397, 1400 (6th Cir. 1991), *cert. denied*, 112 S. Ct. 1940 (1992); *Paprocki v. Foltz*, 869 F.2d 281 (6th Cir. 1989).

With regard to the prosecutor's reference to the adage that lightning does not strike in the same place twice, the Michigan Court of Appeals noted that the comment could easily be understood as a permissible reference to Petitioner's common scheme or system and did not unduly prejudice Petitioner. *Michigan v. Maki*, Michigan Court of Appeals No. 268038, p. 2 (2007). As to the prosecutor's comment that "the defendant was a 'Big Guy,'" the Michigan Court of Appeals found that the prosecutor was clearly referring to Petitioner's argument that he could not have sneaked into and out of the victim's bedroom undetected because he was a "big guy." Therefore, the comment was directed at Petitioner's physical ability to commit the crime. *Id.* Finally, the Michigan Court of Appeals found that although the prosecutor's statement to the jury that their "job as a jury is to tell [Petitioner] . . . you did this once, you should have known better. You sure don't get to do this twice and get away with it" was impermissible, because the judge and both attorneys

reiterated that the evidence could not be considered for character purposes, an immediate objection would have cured any incidental prejudice that the remark caused. Therefore, the Michigan Court of Appeals declined to reverse Petitioner's conviction on these grounds. *Michigan v. Maki*, Michigan Court of Appeals No. 268038, p. 2 (2007). The undersigned concludes that in addressing Petitioner's prosecutorial misconduct claims, the Michigan Court of Appeals' decision was not contrary to, and did not involve an unreasonable application of, clearly established federal law.

Petitioner claims the trial court erred in improperly limiting its instructions to the jury regarding the other-acts evidence. In order to show a constitutional violation, Petitioner must demonstrate that the instruction violated due process. *Henderson v. Kibbe*, 431 U.S. 145, 153 (1977).

> The burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack on the constitutional validity of a state court's judgment is even greater than the showing required to establish plain error on direct appeal. The question in such a collateral proceeding is "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process," . . . not merely whether "the instruction is undesirable, erroneous, or even 'universally condemned,'" . . . .

431 U.S. at 154. The evidence presented at trial, taken in the light most favorable to the prosecution, was sufficient to justify the instructions given by the court.

The Michigan Court of Appeals found that "the trial court redundantly directed the jury that it was prohibited from considering the other-acts testimony as evidence of defendant's bad character or his propensity to commit sex crimes." The trial court and both attorneys repeatedly explained to the jury that prior-acts evidence should never be used for character purposes or to convict someone because they have committed a crime once and must have committed it again. "The trial court's instructions properly reflected the limitation that the rules of evidence placed on the

- 6 -

jury's use of the evidence." *Michigan v. Maki*, Michigan Court of Appeals No. 268038, p. 2 (2007). Because the Michigan Court of Appeals' decision was not contrary to, and did not involve an unreasonable application of, clearly established federal law, Petitioner's claim regarding the jury instructions is properly denied.

Finally, Petitioner claims that his attorney was ineffective in failing to object to the prosecutor's "propensity" arguments. In order for Petitioner to prevail on a claim of ineffective assistance of counsel, Petitioner must show that counsel's errors were so serious that he was not functioning as counsel guaranteed by the Sixth Amendment, and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Wong v. Money*, 142 F.3d 313, 319 (6th Cir, 1998); *Bruner v. Perini*, 875 F.2d 531, 535 (6th Cir.), *cert. denied*, 493 U.S. 983, 110 S. Ct. 334 (1989) (citing *Strickland v. Washington*, 466 U.S. 668, 688-96, 104 S. Ct. 2052, 2065, 69, 80 L. Ed. 2d 647 (1984)).

Petitioner claims that he received ineffective assistance of counsel when counsel failed to object to the prosecutor's "propensity" argument and during jury instructions. There has been ineffective assistance of counsel where an attorney's performance is so deficient as to prejudice the defense and render the trial unfair and the result unreliable. *Wong*, 142 F.3d at 319; *Austin v. Bell*, 126 F.3d 843, 847 (6th Cir. 1997), *cert. denied*, 118 S. Ct. 1547 (1998). Even if a court determines that counsel's performance was outside the wide range of professionally competent assistance, the petitioner is not entitled to relief if his counsel's error had no effect on the judgement, *Tucker v. Prelesnik,* 181 F.3d 747, 754 (6th Cir. 1999). Rather, a petitioner must show that the probability that the outcome of the case would have been different but for counsel's unprofessional errors is sufficient to undermine confidence in the result. *Wong*, 142 F.3d at 319; *Austin*, 126 F.2d

at 848. "The performance and prejudice components of the *Strickland* test are mixed questions of law and fact." *Austin*, 126 F.2d at 848.

The court's review of defense counsel's performance is highly differential, and defense counsel is presumed to have rendered adequate assistance by exercising reasonable professional judgement and sound trial strategy. *Wong*, 142 F.3d at 319; *Austin*, 126 F.2d at 848. The petitioner must overcome the presumption that, under the circumstances, the challenged actions might be considered sound trial strategy. *Strickland*, 466 U.S. at 689; *Tucker v. Prelesnik*, 181 F.3d 747, 754 (6th Cir. 1999).

In its opinion, the Michigan Court of Appeals observed that Petitioner had failed to overcome the presumption of strategy in this case, and had failed to establish any actual prejudice from his counsel's performance.

> [Petitioner] has only demonstrated one legitimately disconcerting statement by the prosecutor, and that statement, taken in context, was relatively minor. Under the circumstances, an objection to it would only have reiterated what the prosecutor and judge had already told the jury about the limitations of the other-acts evidence, and an objection would have risked calling even more attention to the damaging evidence. As it was, defense counsel also wisely refrained from arguing how the evidence could legitimately be used, and he only vaguely explained that the judge would later instruct the jury. Defense counsel then argued, "It's for a very limited purpose. It's not to prove that he did it this time." This argument demonstrated that defense counsel did not want the jury ruminating on the similarities between the crimes or imagining how the first incident demonstrated a scheme or system of victimization. It also explains trial counsel's satisfaction with the judge's vague instructions on the proper use of the other-acts evidence. Counsel's strategy very nearly obtained a hung jury for defendant in what appears to us to be a straightforward, clear-cut case, so we are not at all persuaded that trial counsel performed deficiently.

*Michigan v. Maki*, Michigan Court of Appeals No. 268038, pp. 2-3 (2007). Because the Michigan Court of Appeals' decision was not contrary to, and did not involve an unreasonable application of, clearly established federal law, Petitioner's claim on this issue is properly denied.

In summary, the undersigned concludes that Petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong. Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court withing fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(c); FED. R. CIV. P. 72(b); W.D. Mich. LCivR 72.3(b) . Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).

        /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: April 29, 2010